## BECKHAM vs. WORTHEN.

Where a certificate of application to purchase swamp lands had been issued by the board of swamp land commissioners, the certificate of application cannot be made to supply the place of a certificate of purchase and become evidence of title, because the commissioners included the lands in the report made to the auditor under the 31st section of the act of 12th January, 1853, of lands sold and disposed of by them.

*Appeal from Pulaski Chancery Court.*

Hon. URIAH M. ROSE, Chancellor.

BERTRAND for appellant.

GARLAND & RANDOLPH, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

The land agent at Little Rock, on the 23d of May, 1859, exposed to public sale the north-east quarter of section thirty-three, in township two north, range eleven west, and Beckham purchased it, and now contends, in opposition to the claim presented in the bill, and to the decree of the court below, that his title is superior to that of Worthen, who claims the land by virtue of an alleged sale of it to Baldwin, by the swamp land commissioners, on the 11th of May, 1852.

Baldwin's claim rests upon a certificate of application, different from that in *Gaster vs. Gaines* only in reciting that he had deposited second class scrip in payment of the land. This certificate is no evidence of a purchase, notwithstanding, in the bill and in the opinion of the court, the application is denomi-

nated an entry or purchase, and notwithstanding, in the confusion and 'inaccuracy of the proceedings under the swamp land laws, inapt and incorrect modes of expression may have become so common as to entrench upon the general correctness of juridical diction. We refer to the opinion in *Gaster vs. Gaines* for our estimate of the effect of the certificate of application issued to Baldwin.

The commissioners included the land in controversy in the report which they made to the auditor, under the 31st section of the act of 12th January, 1853, of lands sold and disposed of by them, and the report agrees with the certificate; but this report is not evidence of title to enlarge the construction put upon the certificate of application, and cannot supply the place of a certificate of purchase. It was intended to be a voucher, or means of settlement in ascertaining the liabilities of the commissioners, and as a useful instrument of information to the authorities and people of the state, of the lands that were then disposed of by sale, or covered by locations of scrip, or authenticated accounts of levee work, showing at the same time the lands then subject to application or purchase.

It is one of the agreed facts of this case that the certificate issued to Baldwin was in the usual form of certificates of purchase of unconfirmed lands. This can only mean that it corresponded to the certificates issued by the board concerning such lands, for the board, by an ordinance incorporated into the evidence in this case, expressly announced that it would not give any certificates of full purchase till the land was confirmed; and we would not conclude that the board habitually disregarded a rule adopted for its own government, unless upon stronger evidence than a general issue of certificates that are expressed to be only of applications for purchase.

The land in controversy was confirmed to the State the 22d of January, 1859, as is averred by the bill. Before that time no certificate of purchase from the commissioners, or patent certificate from the land agent, could have been obtained by Baldwin. But as soon after that time as the confirmation was

46

made known, Baldwin could have applied to the land agent for a patent certificate under the act of 20th January, 1853; or he could have re-entered the land, there being no proof that he was not a citizen of the State, by favor of the act of 15th January, 1857. The re-entry need have been no loss to him for the scrip filed with his application could have been withdrawn and substituted by other scrip, if the re-entry provided for by the act was required to be made with other scrip that that on file with the application, which we do not decide.

Baldwin's certificate of application only requiring the State to give him a patent certificate in exchange for the one he held, and for the scrip filed with it, upon the confirmation of the land, when the land was confirmed, the State had an interest that the open propositions, or the inchoate contract between her and Baldwin should be closed, or that she should have the privilege of selling the land ; and she could well provide for this to be done within a specified time. This is all that is done by the act of 15th January, 1857, and the time therein given was reasonable to put Baldwin to his election. Having elected not to avail himself of the benefits, or, if he should choose so to term it, not to take up the burdens of the acts of 20th January, 1857, his assignee must abide the consequence, which is, that his certificate is unavailable to impair the claim of Beckham.

The decree of the court of chancery, held at Little Rock, is reversed, and the decree will be entered here, which should have been entered there, that the bill be dismissed.